IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                      Criminal Action No. 5:04CR9-13
                                                      (STAMP)

FREDERICK I. HOWARD,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT DEFENDANT'S
MOTION FOR TRANSMITTAL OF RECORDS,
DENYING DEFENDANT'S MOTION FOR DECLARATORY JUDGMENT,
DENYING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT AND EVIDENTIARY HEARING AND
DECLINING TO CONSIDER LETTER DATED SEPTEMBER 8, 2005**

I. Procedural History

On April 6, 2004, the defendant, Frederick I. Howard, was charged with two counts of conspiracy to distribute narcotics and aiding and abetting the distribution of cocaine. The defendant proceeded to trial. On September 13, 2005, a jury found the defendant guilty of conspiracy to distribute cocaine in excess of more than 500 grams of cocaine.[1]

The defendant filed objections to the presentence report that found the defendant responsible for 4.1 kilograms of cocaine in the conspiracy. The objections were overruled by this Court on December 6, 2004 and the defendant was sentenced to 121-months of

---

[1]The jury answered a special interrogatory which found that the defendant's involvement in the conspiracy involved more than 500 grams of cocaine.

incarceration. The defendant filed a timely notice of appeal on December 14, 2004. On March 3, 2005, the defendant, by counsel, filed an appeal with the United States Court of Appeals for the Fourth Circuit challenging his conviction and subsequent sentence, to which the government responded.[2] The Fourth Circuit then served notice on both parties that it had referred the issues on appeal to a panel for adjudication. On October 11, 2005, the Fourth Circuit entered a judgment affirming the decision of this Court.

On July 15, 2005, the pro se defendant filed, in this Court, a motion for transmittal of records pursuant to Federal Rule of Criminal Procedure 16(c) and a motion for declaratory judgment pursuant to Federal Rule of Criminal Procedure 17(c). On July 22, 2005, this Court entered an order granting the government's motion for extension of time until August 15, 2006 to file a response to the defendant's motions. On August 16, 2006, the government filed a response. On September 1, 2005, the defendant filed a motion for summary judgment, to which the government has not filed a response. This Court then received a letter from the defendant dated

---

[2]Specifically, the defendant asserted that: (1) this Court abused its discretion by denying his motion for continuance; (2) the cocaine found in his pocket by police during a traffic stop was the fruit of a improper search and seizure; (3) the evidence discovered during the traffic stop was improperly admitted under Federal Rule of Evidence 404(b); (4) the evidence was insufficient to convict him of conspiracy to distribute cocaine; (5) he is entitled to resentencing under United States v. Booker, 125 S. Ct. 738 (2005); and (6) he is entitled to resentencing because the evidence does not support this Court's determination of drug quantity and the defendant's role in the offense.

September 8, 2005 in which the defendant refers to the above-stated motions that he has filed.[3]

For the reasons stated below, this Court must deny as moot the defendant's motion for transmittal of records, deny the defendant's motion for declaratory judgment, deny the defendant's motion for summary judgment and request for an evidentiary hearing.

## II. Discussion

The government asserts that this Court lacks jurisdiction to rule on the defendant's motions because the defendant's direct appeal is pending before the Fourth Circuit Court of Appeals. Pursuant to Rule 4 of the Rules of Appellate Procedure, it is only in very limited circumstances when matters arise in which the district court can rule upon when an appeal is pending.

Subsequent to the government's response, on October 11, 2005, the Fourth Circuit entered a judgment affirming the decision of this Court. The issues presented in the defendant's pending motions before this Court are not related to the issues that were affirmed on appeal in the Fourth Circuit. Accordingly, this Court shall consider the defendant's motions for transmittal of records, declaratory judgment and summary judgment.

---

[3]In addition, the defendant filed a motion for disclosure of grand jury transcripts of particular witness testimony on March 2, 2006. This motion was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). Accordingly, this pending motion will not be ruled upon in this order.

A.  <u>Transmittal of Records</u>

The defendant requests disclosure of "<u>all</u> unavailable material(s) that were intentionally withheld" from him during the course of his pending jury trial.  (Def.'s Mot. Transmittal of Records at 1-2.)  The defendant also requests the disclosure of any and all records and communications relating to the defendant or any co-defendant "which were held between and among agents and employees of the Drug Enforcement Administration (DEA), or any other federal, state or local agency, at any time <u>before</u> actual jury trial procedures began in the matter at bar." (<u>Id.</u> at 3.)  In addition, the defendant requests any evidence that could be exculpatory to him or in any way involves or mentions him.  Further, the defendant requests any information regarding the surveillance of any homes or offices involved in his conviction.  In response, the government states that all documentation, including an affidavit and application for the wire intercept, were made a part of the record by sealed order of this Court.  Thus, all documents requested were provided to defense counsel as discovery.

This Court finds that the defendant's motion for transmittal of records must be denied as moot because the requested materials were provided to the defendant's counsel in pretrial discovery.  The defendant's docket sheet clearly indicates that on April 27, 2004, defendant's counsel received all evidence pursuant to Federal Rule of Criminal Procedure 16.  The defendant also admits that his

counsel received thousands of pages of discovery on August 5, 2004. <u>United States v. Howard</u>, No. 05-5125 (4th Cir. Sept. 15, 2005)(unpublished). In addition, the defendant listed voice recordings from the wiretap and reports of investigation on his exhibit list submitted on August 24, 2004. This Court finds that the government provided all available evidence to the defendant's counsel for review by counsel and defendant.

Accordingly, the defendant's motion for transmittal of records must be denied as moot.

B.  <u>Declaratory Judgment</u>

The defendant requests declaratory judgment under Federal Rule of Criminal Procedure 17(c) against the government for its non-compliance with subpoena requests during the defendant's trial. The government asserts that the defendant's motion is a claim for ineffective assistance of counsel. Specifically, the government asserts that the defendant is requesting relief because the subpoena requests filed by his counsel were not properly honored, which deprived him of due process.

This Court finds that it must deny the defendant's request for declaratory judgment against the government. Pursuant to Federal Rule of Criminal Procedure 17(c):

> "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive,

> the court may permit the parties and their attorneys to inspect all or part of them."

Fed. R. Crim. P. 17(c). This Court finds that the defendant does not have a claim against the government for subpoenas issued by his counsel pursuant to Rule 17(c). Accordingly, the defendant's motion for declaratory judgment pursuant to Federal Rule of Criminal Procedure 17(c) must be denied.

C. <u>Summary Judgment</u>

The defendant requests summary judgment and an evidentiary hearing regarding his motion for disclosure of evidence under Federal Rule of Criminal Procedure 16(c) and motion for declaratory judgment under Federal Rule of Criminal Procedure 17(c). The government did not file a response.

This Court finds that the defendant's motion for summary judgment must be denied because it is meritless. <u>See</u> Fed. R. Civ. P. 56(c)(summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact . . .").

The defendant requests summary judgment against the government because it has not responded to the defendant's pending motions. This Court finds that the government filed a response to defendant's motions on August 16, 2005.

While the defendant argues that the government's deadline for filing a response was August 15, 2005, this Court will permit the

filing of the response because it does not prejudice the defendant. In addition, this Court finds that the government's response is beneficial to the analysis of the defendant's motions. Accordingly, the defendant's motion for summary judgment must be denied.

Further, this Court must deny the defendant's request for an evidentiary hearing. The facts and legal contentions are adequately presented in the defendant's motions before this Court. The defendant's motions are not complex and do not require discovery. In addition, the defendant has not demonstrated circumstances that establish the need for an evidentiary hearing. Accordingly, the defendant's motion for an evidentiary hearing must be denied.

D. Ex Parte Communication

Finally, this Court notes that it shall not consider the defendant's letter dated September 8, 2005 because the defendant failed to send a copy to the government, and thus, the letter is an ex parte communication.

V. Conclusion

For the reasons stated above, the defendant's motion for transmittal of records is hereby DENIED AS MOOT, defendant's motion for declaratory judgment is hereby DENIED, defendant's motion for summary judgment and defendant's request for evidentiary hearing is hereby DENIED. In addition, this Court shall not consider the

defendant's letter dated September 8, 2005 because it is an <u>ex parte</u> communication.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the <u>pro se</u> defendant and to counsel of record herein.

DATED:   August 3, 2006

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE