IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FREDERICK I. HOWARD,

       Petitioner,

v.                                          Civil Action No. 5:07-CV-3
                                             Criminal Action No. 5:04-CR-9-13
UNITED STATES OF AMERICA,        (JUDGE STAMP)

       Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On January 9, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Doc. No. 591). The Government filed its Response on February 13, 2007. (Doc. No. 587). Petitioner filed his Reply on March 19, 2007. (Doc. No. 600).

### II. FACTS

A.     **Conviction and Sentence**

The petitioner was named in a forty count indictment filed on April 6, 2004 in the Northern District of West Virginia. Petitioner was charged in count 2 with conspiracy to distribute cocaine, in violation of Title 21, United States Code, sections 841(b)(1)(B) and 846, and in count 25 with aiding and abetting in the distribution of cocaine, in violation of Title 21, United States Code, sections 841(a)(1), (b)(1)(C) and Title 18, United States Code, section 2. On September 13, 2004, petitioner was found guilty by a jury of count 2. Simultaneously, the jury answered an interrogatory, finding petitioner's involvement in the conspiracy involved more than 500 grams of cocaine.

1

On December 6, 2004, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 121 months imprisonment.

**B.      Appeal**

On December 14, 2004, petitioner filed a notice of appeal. On September 15, 2005, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. Petitioner petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied petitioner's petition on January 16, 2006.

**C.      Federal Habeas Corpus**

Petitioner contends his trial counsel provided ineffective assistance by:

- Failing to challenge the validity of the indictment, which petitioner alleges was tainted by a grand jury witness' reference during the grand jury testimony to petitioner's race.

- Failing to use prior, inconsistent statements to impeach the credibility of government witness Paul Norman's testimony about the quantity of drugs purchased from petitioner.

- Failing to challenge the duplicative consideration of 10 ounces of cocaine when calculating petitioner's sentence.

- Failing to object to the presentence report's recommendation and the Court's finding that a one kilogram transaction between co-defendants Paul Normal and Mr. McFarland was within the scope of petitioner's conspiracy.

The government contends:

- Petitioner's counsel was <u>not</u> ineffective in failing to challenge the indictment.

- Petitioner's counsel <u>did</u> impeach Norman with inconsistencies between his and others' testimony regarding the quantity of drugs purchased from petitioner.

- Petitioner's counsel was <u>not</u> ineffective in failing to impeach Norman with his debriefing statements because the statements were contained within a DEA-6 form and not adopted by Norman.

- Petitioner's counsel <u>did</u> challenge the alleged duplicative consideration of the 10 ounces of cocaine.

- Petitioner's counsel <u>did</u> object to the attribution of Norman's one-kilogram transaction to petitioner.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because petitioner's claims are without merit.

### III. ANALYSIS

**A. 18 U.S.C. § 2255**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving her sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack." 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish her grounds by a preponderance of the evidence." Sutton v. United States of America, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006).

**B.     Barred Claims**

Before evaluating the merits of Petitioner's claims, the Court must determine which of Petitioner's issues are barred either because 1) he failed to raise it on direct appeal, or 2) the issue was rejected on direct appeal.

   1) Failure to Raise on Direct Appeal

Constitutional errors that were capable of being raised on direct appeal but were not may <u>not</u> be raised in a § 2255 motion unless the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. <u>United States v. Maybeck</u>, 23 F.3d 888, 891 (4th Cir. 1994). None of petitioner's presently-raised claims of ineffective assistance of counsel were raised on direct appeal and would therefore normally be barred absent a showing of cause and prejudice. However, claims of ineffective assistance of counsel are more appropriately raised in a § 2255 motion and do not require a "cause" and "prejudice" showing. <u>Massaro v. United States</u>, 538 U.S. 500 (2003). Accordingly, petitioner's present claims of ineffective assistance of counsel are not barred.

   2) Rejected on Direct Appeal

Of the four claims underlying his present claims of ineffective assistance of counsel, petitioner raised two of them on direct appeal: the "duplicative" consideration of the 10 ounces of cocaine referenced in Count 25, and the attribution of Norman's one-kilogram transaction to petitioner's relevant conduct. To the extent petitioner requests this court to review either issue on its merits, the court is barred from doing so because they were raised and rejected on direct appeal. <u>Boeckenhaupt v. United States</u>, 537 F.2d 1182 (4th Cir. 1976).

C.  **Claim 1 - Whether Petitioner's Counsel Was Ineffective In Failing to Object to an Allegedly Defective Indictment**.

Petitioner claims his counsel was ineffective in failing to file a motion to dismiss the indictment, which petitioner alleges was tainted by a grand jury witness' reference to petitioner's race. In support of this argument, petitioner explains the grand jury was tainted by DEA Special Agent Robert Manchas' description of petitioner as a "black male;" that "no rational unbiased grand jury free from prejudice could have found probable cause to indict petitioner on the basis of agent Manchas' testimony;" and that the jury would likely not have returned an indictment absent the tainted testimony.

The Government contends Agent Manchas' reference to petitioner's race was not impermissible; that there is no evidence petitioner was prejudiced by the reference to his race; that petitioner's counsel was not ineffective for failing to challenge the indictment.

The standard for evaluating claims of ineffective assistance of counsel is set forth in Strickland v. Washington, 466 U.S. 668 (1984). Pursuant to Strickland, a petitioner must first demonstrate his counsel's conduct fell below an objective standard of reasonableness. Id. at 687-91. Petitioner must next show "there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." Id. at 694.

The Court finds petitioner has failed to show his counsel was ineffective in failing to challenge the indictment. First, it is unlikely the district court would have entertained a challenged to the indictment. Federal courts, after all, are very reluctant to examine the evidentiary basis of a grand jury indictment. As explained by the Supreme Court in Costello v. United States, 350 U.S. 359, 363 (1956), "[i]f indictments were to be held open to challenge on the ground there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed." So long as the indictment is returned by a "legally constituted and

5

unbiased grand jury" and is valid on its face, the case will proceed to trial on the charges. Id. While petitioner argues the grand jury was not unbiased due to the racial reference, the term "unbiased" in the Costello decision referred to whether the jury was selected in a discriminatory manner. See Costello, 350 U.S. at 359, citing Pierre v. Louisiana, 306 U.S. 354, 361 (1939). There is no evidence the grand jury in the petitioner's case was selected in a discriminatory manner and therefore "biased."

Second, even if the district court were to have entertained a challenge to the indictment, there is no evidence Agent Manchas' reference to petitioner's race was improper. While the Constitution prohibits racially-biased prosecutorial arguments, "an unembellished reference to evidence of race simply as a factor bolstering an eyewitness identification of a culprit, for example, poses no threat to purity of the trial." United States v. Doe, 903 F.2d 16, 25 (D.C. Cir. 1990). "The line of demarcation is crossed . . . when the argument shifts its emphasis from evidence to emotion." Id. In the present case, Agent Marchas' reference to petitioner's race occurred within the context of his recount of witnessing a black male, later identified as petitioner, getting into a vehicle. The reference to the male's race was for identification purposes, was "unimbellished, "and did not cross from emphasis to emotion." See Id.

Accordingly, it is recommended relief be denied.

**D**.    **Claim 2 - Whether Counsel Was Ineffective In Failing to Use Prior, Inconsistent Statements to Impeach Government Witness Paul Norman.**

Petitioner claims his counsel was ineffective in failing to impeach government witness Paul Norman with prior statements made during debriefing and contained in a DEA-6 report. In support of his argument, petitioner explains Norman's debriefing statements established he purchased 36 ounces of cocaine from petitioner, whereas his trial testimony established he

6

purchased 70 to 80 ounces of cocaine from petitioner. Petitioner alleges counsel should have impeached Norman with this inconsistency.

The Government contends petitioner's counsel was not ineffective for failing to introduce Norman's prior, inconsistent statements made during debriefing because those statements were not adopted by Norman, and, therefore, were impermissible impeachment material. The Government also contends petitioner's counsel <u>did</u> confront Norman with inconsistencies between his and others' testimony regarding quantity of drugs purchased from petitioner, thereby giving the jury the information needed to assess Norman's veracity.

The Court agrees with the Government and finds petitioner's argument is without merit. <u>First</u>, as the Government accurately asserts, counsel was not ineffective in failing to impeach Norman with his prior statements contained in the DEA-6 report because there is no evidence Norman formally adopted those statements as accurate. The statements were therefore impermissible impeachment material. <u>See</u> <u>Goldberg v. United States</u>, 425 U.S. 94, 96 (1976) [definition of "statement" under 18 U.S.C. § 3500 is "a written statement made by said witness and signed or otherwise adopted or approved by him."].

<u>Second</u>, although counsel did <u>not</u> impeach Norman with his statements from the DEA report, counsel did impeach Norman with inconsistencies between his and others' testimony regarding the quantity of drugs purchased from petitioner. For example, counsel confronted Norman with inconsistencies between his and Jason Thorn's testimony, Thorn having testified the purchases from petitioner totaled <u>less</u> than the 70 to 80 ounces. The jury was therefore apprised of the inconsistencies between Norman and others' testimony and able to assess Norman's veracity.

Accordingly, it is recommended relief be denied.

E.     **Claim 3  - Whether Counsel Was Ineffective In Failing to Challenge the "Duplicative" Consideration of Acquitted Drug Quantity in Calculating Petitioner's Sentence.**

Petitioner claims his counsel was ineffective in failing to challenge the sentencing judge's duplicative consideration of the 10 ounces of cocaine underlying count 25 for which he was acquitted.  Specifically, petitioner alleges the judge improperly considered the acquitted drug quantity both when calculating petitioner's base level offense for Count 2, and when calculating petitioner's relevant conduct for enhancement purposes.

The Government contends petitioner's argument is without merit because his counsel did object - both at sentencing and on direct appeal - to the judge's duplicative consideration of the acquitted  drug quantity.

The Court finds petitioner's argument is without merit for multiple reasons.  First, as the Government accurately asserts, petitioner's counsel did object to the judge's consideration of the acquitted drug quantity when calculating petitioners' relevant conduct.  See Defense Objections 1 and 9 to PSR.  Second, assuming petitioner's counsel had not objected, counsel would not have been ineffective for failing to do so because it is well established a sentencing judge may consider conduct underlying an acquitted charge so long as that conduct has been proven by a preponderance of the evidence.  See United States v. Watts, 519 U.S. 148 (1997).  The acquitted conduct in this case, distribution of 10 ounces of cocaine, was proven beyond a reasonable doubt upon the jury's conviction on Count 2 and therefore permissibly relied on by the judge for sentencing purposes.

Third, contrary to petitioner's suggestion, petitioner was not duplicatively punished for his distribution of 10 ounces of cocaine.  Rather, he was punished only for the conspiracy in Count 2, and sentenced in accordance with his relevant conduct which included the conduct alleged in Count 25 - distribution of 10 ounces of cocaine.  See Watts, 519 U.S. at 154

["sentencing enhancements do not punish a defendant for crimes of which he was not convicted, but rather increase his sentence because of the manner in which he committed the crime of conviction."]. Impermissible "double-counting" occurs only "when the conduct giving rise to the enhancement is identical to the conduct giving rise to the underlying conviction." United States v. Hughes, 401 F.3d 540, 558 (4th Cir. 2005). In the present case, the conduct underling the enhancement - distributing 10 ounces of cocaine - was not identical to the conduct underlying the conviction - conspiracy to distribute cocaine.

Accordingly, it is recommended relief be denied.

F. **Claim 4 - Whether Counsel Was Ineffective In Failing to Object to the Attribution to Petitioner's Relevant Conduct of Norman's One-Kilogram Transaction With McFarland.**

Petitioner claims his counsel was ineffective in failing to object to the presentence report's recommendation and the Court's finding that a one kilogram transaction between co-defendants Paul Norman and Mr. McFarland was within the scope of petitioner's conspiracy and relevant conduct. More specifically, petitioner alleges his counsel was ineffective for failing to request determination of the scope of the jointly undertaken activity in which the defendant agreed to participate.

The Government contends petitioner's argument is without merit because his counsel did object to the attribution of the one kilogram to petitioner.

The Court agrees with the Government and finds petitioner's argument is without merit for two reasons. First, the record reveals his counsel did object, in written objections to the PSR[1] and in argument at the sentencing hearing, to the attribution to petitioner of the one-kilogram

---

[1] As stated in defendant's third objection to the PSR, "the attribution of the kilogram of cocaine from March 20, 2004 is erroneous in that it was not reasonably foreseeable by the defendant and that the evidence does not show that it is within the scope of the agreement between the defendant and Mr. Norman or others within the conspiracy."

transaction between Norman and McFarland.  See Defense Objection 3 to PSR; Sent. Hearing Trans. p. 26-29).

Second, any failure to object on his counsel's part would not have constituted ineffective assistance.  As petitioner notes in his motion, a co-conspirator is accountable for all "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B).  The sentencing court found Norman's one-kilogram transaction was "in furtherance of the jointly undertaken criminal activity and it is reasonably foreseeable in connection with that criminal activity." (Sent. Hearing Trans. p. 29).  The Judge also found "[j]ust as the testimony itself was I heard it and as transcript bears out, shows that he was alerting an individual or individuals as to what was taking place or what he felt was taking place." (Id.).  Accordingly, the one-kilogram transaction was properly attributed to petitioner.

It is recommended relief be denied.

## V.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be **DENIED** and dismissed from the docket because petitioner's claims are without merit.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Judge John P. Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: March 21, 2008

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE