IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FREDERICK I. HOWARD,

    Petitioner,

v.                                       Civil Action No. 5:07CV3
                                             (Criminal Action No. 5:04CR9-13)
UNITED STATES OF AMERICA,               (STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND DENYING AS UNTIMELY PETITIONER'S
EX PARTE MOTION FOR SUBPOENA**

I. Procedural History

Pro se[1] petitioner, Frederick I. Howard, filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. The petitioner stated four grounds for relief based upon allegations of ineffective assistance of counsel. The matter was referred to United States Magistrate Judge James E. Seibert for initial review and recommended disposition pursuant to Local Rule of Prisoner Litigation Procedure 83.15. Magistrate Judge Seibert issued a report recommending that the petitioner's § 2255 petition be denied based upon the magistrate judge's finding that the petitioner did not receive ineffective assistance of counsel on any of the grounds set forth in the petition.

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

The magistrate judge informed the parties that if they objected to any portion of the report, they must file written objections within ten days after being served with copies of the report. The petitioner filed objections. After filing objections, the petitioner filed an ex parte motion for a subpoena seeking certified telephone records for the individual named in the subpoena. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge should be affirmed and adopted in its entirety, and that the petitioner's § 2255 motion to vacate, set aside or correct sentence should be denied and dismissed. Further, because the petitioner's ex parte motion for a subpoena was filed after the issuance of the report and recommendation, that motion will be denied as untimely.

## II. Facts

On April 11, 2005, the petitioner was convicted by a jury in the United States District Court for the Northern District of West Virginia of conspiracy to distribute in excess of five grams of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, as alleged in Count Two of the indictment. The petitioner was acquitted of aiding and abetting the distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, as alleged in Count Twenty-Five of the indictment. On December 6, 2004, the petitioner was sentenced to 121 months of imprisonment based on his conspiracy conviction.

The petitioner appealed, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. The petitioner then filed a petition for a writ of certiorari in the United States Supreme Court. On January 16, 2006, the Supreme Court denied the petition.

The petitioner now seeks relief pursuant to 28 U.S.C. § 2255. The petitioner raises four grounds for relief, alleging that he received ineffective assistance of counsel because of his counsel's failure (1) to move to dismiss the indictment, which the petitioner claims was tainted by a grand jury witness's reference to petitioner's race; (2) to use prior inconsistent statements to impeach government witness Paul Norman ("Norman"); (3) to challenge the sentencing court's "duplicative" consideration of the acquitted drug quantity in calculating the petitioner's sentence; and (4) to object to attributing to the petitioner's relevant conduct the amount of drugs associated with co-defendant Paul Norman's transaction with another co-defendant, Don Michael McFarland.

In response, the Government contends that the petitioner's counsel was not ineffective. Specifically, the Government argues that failure by the petitioner's counsel to challenge the indictment does not qualify as ineffective assistance because the grand jury witness' reference to the petitioner's race was for the permissible purpose of identification only and did not prejudice the petitioner. The Government also argues that the petitioner's counsel appropriately used prior inconsistent statements by

3

Government witness Paul Norman to impeach Norman, that the petitioner's counsel did, in fact, challenge the alleged "duplicative" consideration of the acquitted amount of cocaine, and that the petitioner's counsel did, in fact, object to the attribution to the petitioner of co-defendant Paul Norman's one-kilogram cocaine transaction with co-defendant Don Michael McFarland.

The magistrate judge issued a report and recommendation on March 21, 2008 recommending that the petition be denied. The magistrate judge found that the grand jury's reference to the petitioner's race was for identification purposes only, was unembellished, and did not cross the line from evidence to emotion. Accordingly, the magistrate judge recommends that relief as to petitioner's first claim be denied.

The magistrate judge also found that the petitioner's counsel was not ineffective by failing to impeach government witness Paul Norman with Norman's prior inconsistent statements because the statements were impermissible impeachment material given the absence of evidence that Norman had adopted or approved them. Additionally, the magistrate judge found that the petitioner's counsel did impeach Norman's testimony with inconsistencies between the testimony Norman gave concerning the quantity of drugs Norman purchased from the petitioner and the testimony of other witnesses. The jury was made aware of these inconsistencies and was able to weigh them against Norman's credibility. For these reasons, the

4

magistrate judge recommends that relief based upon the petitioner's second claim be denied.

As to the petitioner's third claim--that the petitioner's counsel was ineffective for failing to challenge the sentencing judge's "duplicative" consideration of the ten ounces of cocaine underlying Count Twenty-Five, for which the petitioner was acquitted--the magistrate judge found that the petitioner's counsel did object, and that even if counsel had not objected, counsel would not have been ineffective because a sentencing judge may consider conduct underlying an acquitted charge if that conduct has been proven by a preponderance of evidence. Finally, the magistrate judge found that the petitioner was punished for the conspiracy but his sentence correctly considered his relevant conduct, which included the conduct alleged in Count Twenty-Five-- distribution of cocaine. In light of the magistrate judge's findings, the magistrate judge recommends that relief be denied as to the petitioner's third claim.

Last, the magistrate judge found meritless the petitioner's argument concerning ineffective assistance of counsel for counsel's failure to object to the presentence report's recommendation and the Court's finding that a one kilogram transaction between two co-defendants was within the scope of the petitioner's conspiracy and relevant conduct. According to the magistrate judge, the record reveals that the petitioner's counsel did object, and that even if counsel had not objected, a failure to object would not constitute

ineffective assistance of counsel. Accordingly, the magistrate judge recommends that relief be denied as to the petitioner's fourth claim.

The petitioner filed timely objections. In his objections, the petitioner challenges the magistrate judge's conclusions and argues that this Court should reject the recommendations set forth in the magistrate judge's report.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner has filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

As noted above, all of the petitioner's asserted grounds for relief are based upon a claim of ineffective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must demonstrate the two requirements established in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that his or her counsel's conduct fell below an objective standard of reasonableness. Id. at 687-91. Second, a petitioner must show

that a reasonable probability exists that the outcome of the proceedings would have been different "but for counsel's unprofessional errors." Id. at 694. Each of the claims asserted by the petitioner in this action must therefore be evaluated under the Strickland requirements.

IV. Discussion

A. Ground One: Whether Petitioner's Counsel Provided Ineffective Assistance by Failing to Object to an Allegedly Defective Indictment

This Court rejects the petitioner's argument that his counsel's assistance was ineffective because his counsel did not move to dismiss the indictment. The petitioner claims that the indictment was tainted by the testimony of a grand jury witness who referred to the petitioner's race. The petitioner contends that the grand jury would not have returned the indictment against him absent the tainted testimony. This argument is unavailing. References to race are permissible where such references are for the purpose of identification, are "unembellished," and do not shift their emphasis from evidence to emotion. See United States v. Doe, 903 F.2d 16, 25 (D.C. Cir. 1990). No evidence exists in the record to indicate that the grand jury witness's testimony was made for any purpose other than identification, or that it was embellished in any manner, or that the testimony crossed the line from emphasis on evidence to emphasis on race. Therefore, this Court finds that the petitioner's counsel's decision not to

challenge the indictment on this basis did not fall below the objectively reasonable standard required by Strickland.

Additionally, the petitioner has failed to demonstrate that the result would have been any different even if his counsel had sought to dismiss the indictment. As the magistrate judge correctly observed, federal courts are reluctant to examine the evidentiary basis of a grand jury indictment where the indictment is returned by a "legally constituted and unbiased jury" and is facially valid. Costello v. United States, 350 U.S. 359, 363 (1956). The term "bias" in this context means whether the jury was selected in a discriminatory manner. See id. at 359. Here, the record presents nothing to indicate that the grand jury was selected in a discriminatory manner. Accordingly, the petitioner has failed to demonstrate that the indictment would have been dismissed if his attorney had so moved. Because the petitioner has not shown that the outcome of the proceedings would have been different but for his attorney's failure to move to dismiss the indictment, the second part of the Strickland test, like the first part, is unmet.

In his objections, the petitioner concedes that the mention of race for identification purposes is permissible. However, he argues that the grand jury witness unnecessarily referred to the petitioner's race multiple times, and that nothing in the record evinces that the references to the petitioner's race were for identification purposes. This objection lacks merit. Contrary to

8

the petitioner's assertions, multiple references to race do not shift the emphasis from evidence to emotion. Therefore, the petitioner has not met the requirements under Strickland regarding his counsel's failure to seek dismissal of the indictment based upon the references to the petitioner's race by a grand jury witness. Accordingly, relief on this basis will be denied.

B.  Ground Two: Whether Petitioner's Counsel Provided Ineffective Assistance by Failing to Use Prior Inconsistent Statements to Impeach Government Witness Paul Norman

This Court also rejects the petitioner's second ground for relief--that his counsel provided ineffective assistance by failing to impeach Government witness Paul Norman with prior statements which Norman had made during debriefing and which were contained in a report prepared by an officer of the United States Drug Enforcement Agency ("DEA-6 report"). According to the petitioner, Norman claimed in his debriefing statements that Norman purchased thirty-six ounces of cocaine from the petitioner, but at trial, Norman testified that he purchased from seventy to eighty ounces of cocaine from the petitioner. The petitioner's attorney did not seek to introduce evidence of the statements contained in the DEA-6 report to attempt to impeach Norman's trial testimony. In the petitioner's view, this failure constitutes ineffective assistance of counsel. This Court disagrees.

A prior inconsistent statement contained in a written report is not admissible for impeachment purposes unless that statement

9

was "signed or otherwise adopted and approved" by the witness who made it. See Goldberg v. United States, 425 U.S. 94, 96 (1976). Here, nothing on the record before this Court demonstrates that Norman formally adopted and approved the statements contained in the DEA-6 report. Moreover, as the magistrate judge correctly found, the petitioner's counsel did, in fact, seek to impeach Norman's testimony using inconsistencies between Norman's testimony concerning the drug quantity Norman purchased from the petitioner and the testimony provided by other witnesses concerning that issue. Given that the petitioner's counsel confronted Norman with the inconsistencies between the testimony supplied by Norman and that supplied by others, the jury was given the opportunity to assess Norman's veracity as a witness. Under these circumstances, this Court declines to find that the representation provided by the petitioner's counsel was objectively unreasonable or that the proceedings would have yielded a different outcome even if the petitioner's counsel had sought to impeach Norman with his prior inconsistent statements contained in the DEA-6 report.

In his objections, the petitioner claims that the trial transcript shows that Norman adopted and approved of his debriefing statements and that, therefore, the magistrate judge erred by finding that Norman's prior inconsistent testimony was inadmissible. The petitioner points to two portions of the transcript from his trial to support this contention. The first is

10

an exchange between Norman and the petitioner's attorney on cross-examination of Norman during his testimony for the Government:

> Q: Within your agreement, you have an agreement with the [G]overnment that you will give sworn statements and grand jury and trial testimony with regard to this incident; is that correct?
> A: Yes.
> Q: And is it true that if, in fact, the [G]overnment doesn't believe that you have lived up to your end of this bargain, that they can withdraw their recommendations?
> A: Yes.
> Q: When you entered a plea of guilty, you actually spoke with the [G]overnment and gave them information relative to this case; is that correct?
> A: Yes.
> Q: And also in accordance with this plea agreement, correct?
> A. Yes, it was.
> Q: And in doing so, they asked you specific questions about Mr. Howard; is that correct?
> A: Yes.

(Resp't's Resp. Ex. 1 at 40-41.)

The second portion of trial transcript which the petitioner asserts supports his argument is an exchange between Norman and the prosecuting attorney on redirect examination:

> Q: [Mr. Howard's attorney] asked you if you specifically debriefed and gave information to the United States about Freddie Howard; you did that, did you not?
> A: Yes.

The petitioner's contentions to the contrary, these exchanges do nothing more than indicate that Norman debriefed, provided information about the petitioner, and entered a plea of guilty. This testimony is simply insufficient to establish that Norman at any time specifically approved and adopted the statements written

11

in the DEA-6 report. Therefore, the petitioner's objection as to ground two must be rejected.

C. Ground Three: Whether Petitioner's Counsel Provided Ineffective Assistance by Failing to Challenge the "Duplicative" Consideration of Acquitted Drug Quantity in Calculating Petitioner's Sentence

The petitioner next argues that his counsel was ineffective in failing to challenge the "duplicative" consideration of acquitted drug quantity in calculating the petitioner's sentence. According to the petitioner, counsel erred by not objecting when this Court, as the sentencing court, considered the amount of cocaine underlying Count Twenty-Five of the indictment,[2] of which the petitioner was acquitted, to calculate both the petitioner's base level offense relating to Count Two[3] and the petitioner's relevant conduct for enhancement purposes.

This argument is unavailing. As evidenced by the objections to the presentence report, the petitioner's counsel did object to the inclusion of the acquitted drug amount for purposes of calculating the petitioner's relevant conduct. (Defense Objections 1 and 9 to Presentence Report.) Thus, the conduct by the petitioner's counsel did not fall below an objectively reasonable standard. Moreover, even if the petitioner's counsel had not

---

[2]As noted above, Count Twenty-Five alleged that the petitioner aided and abetted in the distribution of cocaine.

[3]As noted above, Count Two alleged that the petitioner conspired to distributed in excess of five kilograms of cocaine.

12

objected, the failure to object would not have constituted ineffective assistance because the petitioner has not demonstrated that the result would have been different. When sentencing the petitioner, this Court determined the quantity of cocaine attributable to the petitioner under a preponderance of evidence standard and applied what were then the mandatory sentencing guidelines. Additionally, however, in light of the direction provided by the United States Court of Appeals for the Fourth Circuit in <u>United States v. Hammoud</u>, 381 F.3d 316, 353 (4th Cir. 2004), this Court announced an alternative basis for its sentencing pursuant to the statutory sentencing factors set forth at 18 U.S.C. § 3553(a). This alternative sentence was identical to the sentence imposed. Moreover, even if the drug amount underlying the acquitted charge had not been considered as relevant conduct, the petitioner's offense level would not have changed because his total relevant conduct still exceeded 3.5 kilograms. Under these circumstances, this Court concludes that even if the petitioner's counsel had failed to object to the "duplicative" consideration of the drug amount underlying the acquitted charge in calculating the petitioner's sentence, the outcome would not have been different.

In his objections, the petitioner claims that the magistrate judge misconstrued the petitioner's argument. The petitioner states that rather than arguing his counsel was ineffective for failing to challenge the amount of drugs attributed to the petitioner or the judge's consideration of the drug amount relating

to the acquitted charge as relevant conduct for the convicted charge, he is instead arguing that his counsel was ineffective for failing to object at sentencing that using acquitted conduct to enhance a sentence is unconstitutional under the Sixth Amendment. However, a close review of the petitioner's petition and his reply to the Government's response indicates that the petitioner did not raise this contention in his original § 2255 petition. Therefore, the petitioner's argument is not properly before this Court. See Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("[T]he party aggrieved is entitled to a review of the bidding rather than to a fresh deal. The rule does not permit a litigant to present new initiatives to the district judge. We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."). Accordingly, this Court will not address the petitioner's argument that he asserts for the first time in his objections to the magistrate judge's report and recommendation.

D.  Ground Four: Whether Petitioner's Counsel Provided Ineffective Assistance by Failing to Object to Attribution of Co-Defendant Paul Norman's One-Kilogram Drug Transaction with Co-Defendant Don Michael McFarland to Petitioner's Relevant Conduct

The petitioner's final ground for relief must also be rejected. As his fourth and final claim, the petitioner argues that his counsel provided ineffective assistance by failing to

14

object to the attribution to the petitioner's relevant conduct the one-kilogram transaction which occurred between co-defendant Paul Norman and co-defendant Don Michael McFarland. In fact, the petitioner's attorney did object by filing written objections to the presentence report and by stating those objections during the sentencing hearing. (Defense Objection 3 to Presentence Report; Sentencing Hr'g Tr. at 26-29.) Therefore, the record demonstrates that counsel's conduct did not fall below an objective standard of reasonableness. Furthermore, even if no objection had been tendered, the record would not support a finding of ineffective assistance of counsel. A co-conspirator is accountable for all "reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). Here, this Court, as the sentencing court, found that the one-kilogram transaction conducted by Norman, a co-conspirator, was in furtherance of the jointly undertaken criminal activity. (Sentencing Hr'g Tr. at 29.) Therefore, the one-kilogram transaction was properly attributed to the petitioner. For this reason, even if the petitioner's counsel had not objected, this Court concludes that the outcome of the proceedings would not have been different. The petitioner has thus failed to meet the <u>Strickland</u> criteria. Consequently, his fourth ground for relief must be rejected.

The petitioner objects that the evidence does not support the conclusion that the drug quantities involved in Norman's

transaction were not reasonably foreseeable because they were beyond the scope of the jointly undertaken criminal activity.  In essence, the petitioner's argument challenges the sufficiency of the evidence to support this Court's determination of the drug quantity and the petitioner's role in the offense.  The petitioner raised this issue on direct appeal, and the United States Court of Appeals for the Fourth Circuit rejected it on the merits. Accordingly, this argument is not properly before this Court and, therefore, will not be addressed.  See Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).

In sum, none of the petitioner's grounds for relief warrant granting habeas relief under 28 U.S.C. § 2255.  The petitioner has failed to establish that his counsel's conduct fell below an objectively reasonable standard and that the outcome of the proceedings would have been different but for counsel's objectively unreasonable professional error.  For these reasons, this Court concludes that all grounds for relief asserted by the petitioner, based as they are on allegations of ineffective assistance of counsel, must fail.

## V. Conclusion

Based upon a de novo review, this Court finds that the report and recommendation of the magistrate judge should be, and is hereby, AFFIRMED and ADOPTED in its entirety.  Accordingly, for the reasons set forth above, the petitioner's § 2255 petition is DENIED WITH PREJUDICE.  Further, the petitioner's ex parte motion for a

subpoena is DENIED as untimely.  It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within thirty days after the date that the judgment order in this case is entered.  See Fed. R. App. P. 4(a)(1).  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not be issued in accordance with Federal Rule of Appellate Procedure 22(b)(1).  If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    March 24, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE